The next case today is Victim Rights Law Center v. Foundation for Indiv. Rgts in Edu. at All, Appeal No. 20-1748. Attorney Baltus, please introduce yourself on the record. Thank you. May it please the Court, Alexa Baltus on behalf of proposed interveners. Your Honor, may I reserve two minutes for rebuttal? Yes. Thank you. In one conclusory sentence, without briefing or even positions from the existing parties, and with knowledge that proposed interveners had been granted intervention in a parallel case, the District Court denied proposed interveners two distinct claims for intervention with a bare recitation of a single 24a intervention factor. Counsel, that's not a... I wouldn't lead with that argument. Either the District Court is right, or the District Court is wrong under an abuse of discretion standard. Can you get to the merits and not complain about lack of reasoning? Sure. The District Court is wrong on those two options, Your Honor. Turning first to intervention as of right, proposed intervener's entitlement to intervention as of right turns on question. Whether the Department of Education, with its legal and political obligation to weigh competing interests, its own interest in preserving flexibility for future decision-making, and its eagerness to accept a procedural victory in this case, may inadequately represent proposed interveners who have a single-minded focus on ensuring the broadest possible free speech and due process protection on college campuses, an interest in curtailing the flexibility of the Department of Education by demonstrating that the final rule is consistent with the constitutional floor, and multiple interests in avoiding a procedural ruling on this case. Counsel, when you cut through everything you just said, what you basically, what I basically come away with is the proposition that this regulation or these regulations are defended by the Department on a ground that your client does not think is the best ground to defend them on, or the ground that will provide the most enduring or far-reaching relief, and your client would like to be in the case to assert its own theory with respect to the validity or constitutionality of the regulations, and my immediate reaction is that we wrestled with this question, or a virtually identical question, seven or eight years ago in the Massachusetts Package Store Association case, and held that that didn't make any difference, that the government agency was a proper representative, and the private party, though it had a separate theory as to the status of the regulations, could assert that theory by way of an amicus brief. Why isn't that decision of precedential force with respect to this case? Well, a few reasons, your honor. First of all, in that case, this court said that the only difference was this different argument, this additional constitutional argument. Of course, that's not true in our case. We also have, our argument directly subverts the institutional interests of the Department of Education, which is what this court said distinguished different interests in sort of the motivational sense and the institutional sense in patch. Also, in Massachusetts Food Association, it's important to note that the proposed interveners were allowed to raise their arguments in an amicus brief, which, of course, the district court declined to consider. Here, our claims are directly relevant to the issues to be allowed to intervene as of right, so you can convince the district court to abandon the rule of constitutional avoidance and instead reach out and decide a constitutional issue, which the agency has preferred not to advance. Why would any court of appeals ever do any such thing? Right. I respectfully disagree with that characterization. I think we are actually imploring the district court to take a posture of constitutional avoidance. Our constitutional arguments, assuming that they are true for the purposes of intervention, assuming that they're accurate and right for the purposes of intervention, they could change the statutory interpretation of the plaintiff's APA challenges. They say that- No, you want to bind any successor administrations to your constitutional view and you're afraid, with the change in administration coming up, that possibly the agency will exercise its rule-making authority in a different way, and you want to stop that from happening. Again, I know of no case that says you are entitled to intervention as of right on that basis, and going beyond that, I can't imagine- Well, we don't have to face the issue in this case of whether permissive intervention would have been appropriate, but I have to tell you, I doubt under those circumstances it would have been appropriate. Well, just to clarify our position, it is not that the department has no discretion to depart from this rule. It is that the rule as it stands right now is commensurate with the constitutional floor. No, yes, you're saying it's constitutionally compelled, and any such ruling would presumably be binding on future administrations. Isn't that correct? That's correct, and I think that demonstrates the inadequacy of the department's representation. They obviously have institutional reasons not to tie their hands, but the constitution does, and it should be addressed in this case. Well, there's sort of basic article three issues about not reaching out to bind the other two branches of government with unnecessary judicial rulings on constitutional issues, so I think your theories are actually quite dangerous. Well, your honor, our theory is twofold. One, it has the constitutional element you're talking about, but also in the constitutional avoidance sense, a district court interpreting Title IX or the Clery Act or any of the other things that plaintiffs invoke could not read those statutes to require a more speech restrictive, more due process restrictive rule under our theory, so it is not simply an additional argument. It is also relevant to the statutory question in this case. All right. I understand you presented your intervention as of right. Do you want to say anything about permissive intervention? Yes, I would, your honor. I know you noted at the outset that you're not really moved by the one-sentence order from the district court, but it really is important to know that it came after zero briefing, not even positions from the parties, and after the district court and the District of Columbia had granted permissive intervention on these exact set of circumstances. There is no way to review or respect discretion that we don't even know was exercised. But isn't that foregone? Our recent T-Mobile decision makes it very clear that our review for abusive discretion goes forward even in the face of a docket entry or other order that is unelucidating on its face that we still give the district court the margin of its discretion and the court isn't required to spell out the reasoning behind such a denial. That's right, your honor. But in T-Mobile, it said it looked to the rest of the record to fill in what wasn't in the order itself. There is no record here. There's no positions. There's no arguments. There's no opposition. The T-Mobile order said it consisted... I don't understand. There is the complaint. There is your theory of intervention. What do you mean there's nothing in the record? Nothing in the record that would oppose a permissive intervention. There's no arguments. There are certainly briefs that oppose it. There were not at the time. No, no, but there are now and it doesn't say we look to the record at the time the district court rules. We look to the record and what's of record are the arguments of the parties, the complaint. Right, but you look to the record to fill in what the district court must have been thinking. I think that's the language used in in Caterino. We don't know what the district court must have been thinking because there was no record at that time and it is our position that you do look to the record at the time the motion was filed. That's what the district court was considering and that's when he exercises discretion. Okay, thank you, counsel. Thank you. At this time, attorney Baltus, you should mute your device. Attorney Chen, if you could unmute your device and introduce yourself on the record. Good morning, your honors. May it please the court. Michael Chen for the plaintiffs. The movements in this case cannot distinguish themselves from the movements in cases like that have interests in cases of great public importance and district courts are not required to grant party status to all groups in this position and so the district court here did not abuse its discretion in denying the motion to intervene. I'll address the intervention as of right issues before turning to permissive intervention. On intervention as of right, Judge Selye is absolutely right that this is not the first time this court has confronted a prospective intervener that wants to jump in and supplement the arguments made in defense of an existing party's position. Massachusetts Food Association is just one of several cases that's squarely on point here and I heard my friend from the other side this morning attempt to distinguish Massachusetts Food Association in a couple of ways that weren't raised in the brief, so I'd like to address those now. So my friend on the other side said that in Massachusetts Food Association there wasn't a divergence of interest because here the movements would want to subvert the department's interests, but I think actually the same argument was raised in the briefs in Massachusetts Food Association. The prospective intervener said there that the government didn't have an interest in making the constitutional argument that the movements wanted to make and this court was unmoved. And then also even if you wanted to look beyond Massachusetts Food Association, I think certainly what my friend on the other side said about this case could be said the main case where you had environmental groups arguing to limit the government's ability to, the government's flexibility in environmental regulation because the groups there had a single-minded interest in greater environmental protection. My friend on the other side also said something about the ability to file an amicus brief and I think that point squarely cuts in our favor. Nowhere in the briefing that the movement submitted in this court or I think this morning, did the movements even attempt to explain why they couldn't just offer their constitutional theory as amici and that alone is reason for the district court to deny intervention as of right and to find adequate representation under cases like Massachusetts. Counsel I may have misunderstood but I understood counsel for the appellant to say that the district court had refused to permit the That is what she left us with. You're saying that's not accurate. That was a weak argument. It's not accurate your honor. The district court's order denying intervention in that the very order being appealed from says that the movements are invited to file an amicus brief and so that is exactly the rationale that this court relied on in Massachusetts Food Association in affirming the denial of intervention as a right and again that's argument that we made in our brief and that the district court stated no no no no no no no no intervention as of right does not turn on permission to file an amicus brief. That would be a terrible rule for any court to adopt. It may be a plus factor here in favor of on the question of filing an amicus brief. Your honor I want to be precise about what we're saying. All we're saying is exactly what this court said in Massachusetts Food Association which is that when a prospective intervener has a supplemental argument that they want to make and they can also make that argument just as well in an amicus brief. That does not satisfy the prospective intervener's burden to establish inadequate representation. That's what this court said Massachusetts Food Association. That's the position we're asserting here but even if your issue I think there are several other reasons why the district court was entitled to find adequate representation here and another reason is the one that your honor alluded to in your questions in the first half of this argument about the the nature of the constitutional argument that the movements are trying to make here. So this court said in cases like Maine and students for fair admissions that another thing the court looks to when you have a movement trying to make these sorts of supplemental arguments is whether those supplemental arguments are obviously necessary to the shared to the shared result. And here one of the many reasons that the movements constitutional theory is not obviously necessary to the result is that it is sort of a second level argument that that principles of judicial restraint and constitutional avoidance would counsel against reaching before the statutory arguments that are at the centerpiece of the plaintiff's claims and that the government is already redressing. Those are the more direct responses to the plaintiff's made by the existing party in this case. Five minutes remaining. For those reasons I think the district court's denial of intervention as a right on the adequacy problem was squarely within what this court has already held in Massachusetts Food Association and Maine and the other cases. And I also want to be clear about the standard review which several of the questions touched on this morning and under the abuse of discretion standard of review that is on the movements to show that the district court only had one permissible option here. That in making the judgment call about adequacy it had to find inadequate representation contrary to what this court held in analogous cases. And forcing district courts to grant intervention in cases like this would not only contradict this court's precedent but also give an easy recipe to other groups that might otherwise just participate as amici to insert themselves as mandatory parties to the litigation. I'm happy to answer other questions. Yeah. I'll tell you the concern I have not in this case. I did have it in the Maine case. It's sort of a hypothetical concern. But sometimes, especially on these issues of underfunded state attorney general's office is left to defend a major national case. And sometimes they say, gosh, the arguments aren't inconsistent. We do think we can do an other side. So, we don't think they can intervene as of right. But we're asking you, court, let them in as permissive intervenors because, frankly, we need the help. They're on the same side of the issue that we are. So, I just on permissive intervention, as I said, this case doesn't really raise that concern. But do you think that's something that a district court can consider on permissive intervention? This court has held, Your Honor, that the permissive intervention standard is quite broad and a district court can consider a very wide array of factors. So, I think in an appropriate case, a district court could take that into account. But I think it is very important to is not present in this case. The department has mounted a vigorous defense of this rule. It has filed extensive briefing. It sent a senior Department of Justice lawyer to argue the case at trial. And so, I don't think there's any claim that could be made. And certainly, the movements haven't made it. The department is not vigorously defending the rule in this case. And so, I think even on the permissive intervention issue, we made arguments to the district court that it should deny permissive intervention here. But as I was saying about the review, it's not our burden to show that the district court was required to deny permissive intervention here. I'm never worried about the Department of Justice being undermanned with or underwomaned with lawyers and not having adequate resources. But very frequently out here in the hinterlands of the circuits, it is the state attorney general's office which gets landed with defending these lawsuits. And the Justice Department frequently decides that they're not going to play a role in the case. So, it's a hypothetical concern not really raised in this case. But I thought it was worth mentioning. Absolutely, Your Honor. And I think it absolutely makes sense, if Your Honor was concerned about that, that the solution to that concern is the very broad discretion that the district court has under the permissive intervention standard. But in this case, that broad discretion cuts squarely in our favor, in favor of affirming the district court, because the district court's decision here was squarely within its discretion as the movements don't even seriously contest. So, the movements on permissive intervention aren't disputing that the conclusion that the district court drew, denying permissive intervention, was within its discretion on this record, even the record that was before the district court at the time. They just want a remand for the district court to give more reasons. But the district court already in its order gave two reasons, the very two reasons that this court relied on in Massachusetts Food Association in affirming the denial of permissive intervention, adequacy of representation, and the ability to file amicus briefs. And so, there's no need... That's time. There's no need to remand to the district court on either issue. All right, any further questions? Briefly, Attorney Chen, real quickly, you focused your argument on adequacy of representation. Should I assume your position is, I'm getting you back by the way to intervention as of right, should I assume that sufficiency of interest and properly situated are satisfied in this case and it all comes down to adequacy of representation? For purposes of this appeal, I'm happy for the court to assume that because that's all the appellants have asked the court to decide. The appellants recognize that even if they prevail on this issue, the case goes back to the district court for the district court to apply the other intervention factors. They say that in their opening brief and we say that in our response brief. So, I'm happy for the district court, or for this court, I'm sorry, just to focus on the adequacy issue. And I said, that's squarely within Massachusetts Food Association main and the other cases. Thank you very much. Sorry to prolong. Okay. Thank you, counsel. Thank you. Attorney Chen, you can mute your device at this time. And Attorney Baltus, if you could reintroduce yourself, you have two minutes. Thank you, Alexa Baltus for proposed intervenors. I have just three quick points to make on rebuttal, your honors. First, I wanted to clarify in case I misspoke, we were permitted to file an amicus brief. That was part of the order. My point was that that didn't sufficiently protect our interests. We couldn't have raised new arguments in that amicus brief under this court's case law. And the court wouldn't have been required to consider them in any event. It also wouldn't have given us the right to participate on appeal or an oral argument, all of the other factors that go along with being a party. Second, while we maintain that the department's representation is inadequate, if this court disagrees, we respectfully request that the court note in its opinion, as it routinely does, that proposed intervenors would have the opportunity to renew their motion if the department's representation ever becomes inadequate. Why? I'm sorry. I know we've done it before, but why would we do that? Well, your honor, I think if the department... That suggests we're dealing with some future case, which we don't have in front of us. That's right. In some sense, but it is this case in the sense that that's part of the whole theory about maintaining flexibility to maybe not defend this rule in the future. This court has noted the ability to renew a motion in Caterino, in Mosbacher, in Daggett. But that argues against you. We've noted that, and the district courts are aware that we've said that repeatedly, so we don't have to say it again. They get it. Okay. Well, we would encourage you to do so just so it's clear that they do know. And then finally, my third point, your honors, is just to note our strong affirmative case for permissive intervention that may have gotten lost in all of this. We're repeat players in the First Amendment and due process field. We'd be able to assist the court. There's no possible delay from our participation, and it would limit spinoff litigation going forward. Thank you. We got the point. Thank you very much. Okay. Next case. Yes, Judge. That concludes arguments in this case. Attorney Baltus and Attorney Chen, you should disconnect from the hearing at this time.